STATE OF MAINE
CUMBERLAND, ss.



SUPERIOR COURT
CIVIL ACTION
Docket No. AP-05-42

AMERICAN MARTIAL ARTS
FOUNDATION,

Plaintiff,

v.                                                                 ORDER

RICHARD BLACKBURN and
BOARD OF ASSESSMENT REVIEW for
THE CITY OF PORTLAND,

Defendants.

Before the court is a Rule 80B appeal by plaintiff American Martial Arts Foundation from a June 15, 2005 decision by Portland's Board of Assessment Review denying AMAF's application for a property tax exemption for fiscal years 2000-2005. The Board decided that the Foundation is not a "literary institution" entitled to a property tax exemption under 36 M.R.S. § 652. (R. 309-10). The issue on appeal is whether that decision is supported by substantial evidence.[1]

The same issue has been raised administratively and in the courts in a series of prior proceedings. In 1995 the Superior Court (Mills, J.) concluded that the evidence did not establish that the literary pursuits of the Foundation were of "a primary or substantial character" and upheld the Board's denial of an exemption. American Martial Arts Foundation v. City of Portland, Docket No. CV-94-836 (Superior Court, Cumberland County, May 17, 1995) (R. 93-95). That decision was affirmed in a memorandum decision by the Law Court on January 24, 1996. American Martial Arts Foundation v. City of Portland, Decision No. 7533, Law Docket No. CUM-95-354. (R. 92).

---

[1] The governing statute provides that real and personal property "owned and occupied or used solely for their own purposes by literary and scientific institutions" is exempt from taxation. 36 M.R.S. § 652(1)(B).

In July 1996 the Board of Assessment Review again considered and denied an exemption application by the Foundation. (R. 129-31). That decision does not appear to have been appealed.

On September 15, 1999 the Board of Assessment Review considered and denied a third exemption application by the Foundation for the 1999-2000 tax year. (R. 104-05). That decision was appealed to the Superior Court, which affirmed the Board's decision on May 31, 2002. American Martial Arts Foundation v. City of Portland, Docket No. AP-99-86 (Superior Court, Cumberland County) (Humphrey, J.) (R. 33-36). An appeal from that decision was dismissed by the Law Court as untimely. (R. 102).

The record in this case consists almost entirely of the material previously submitted on the 1999 appeal. The court has reviewed the record and has very little to add to the decisions of Justices Mills and Humphrey and the Law Court's 1996 memorandum. The American Martial Arts Foundation may be an educational institution but to qualify for an exemption under § 652(1)(B), it must also qualify as a "literary" institution – i.e., it must show that its literary pursuits are "of a primary or substantial character" and not merely "incidental." Hurricane Island Outward Bound v. Town of Vinalhaven, 372 A.2d 1043, 1046 (Me. 1977).

On appeal the issue is whether the Board's decision denying exemption (R. 309-10) is supported by substantial evidence in the record. The Foundation cannot prevail unless, based on the record, the Board was compelled to find that the Foundation qualified as a literary institution within the meaning of the statute. Simply stated, the Board was not compelled to find that the Foundation is a literary institution when it describes itself as follows:

> Areas in which instruction is given include: traditional punching (open and closed hand techniques) and kicking, Kata (patterns or "forms"), classical weaponry, joint locks

2

and manipulation, tumbling and falling, take-downs, throws, and sweeps, pressure points, grappling, sparring, street self defense, and disarm techniques.

(R. 210).

The Foundation points out that the <u>Hurricane Island Outward Bound</u> decision suggests that to qualify as a literary institution the literary pursuits of an institution must be "of a primary <u>or</u> substantial character" (emphasis added by the Foundation), and it argues that "substantial" is a lower hurdle to meet than "primary." There are two problems with this argument. First, the <u>Hurricane Island Outward Bound</u> decision, read in its entirety, appears to equate the terms "primary" and "substantial." <u>See</u> 373 A.2d at 1046, <u>quoting</u> <u>New England Theosophical Corp. v. City of Boston</u>, 51 N.E. 456, 457 (Mass. 1898). Indeed, in <u>Hurricane Island Outward Bound</u>, where the issue was whether the taxpayer was a "scientific" institution, the Law Court concluded its opinion by stating that "science is not [Outward Bound's] <u>primary</u> object and hence it is not entitled to enjoy immunity . . . from the tax imposed." 373 A.2d at 1047 (emphasis added).

Second, the Board's June 15, 2005 decision incorporated the findings in its earlier decision on September 15, 1999 by reference. (R. 310). The 1999 Board decision found that the Foundation's literary pursuits "were not of a primary or substantial character." (R. 105).[2] Even if "substantial" is a lower threshold than "primary," therefore, the requisite finding was made here.

In the court's view, literature need not be "the" primary object of an institution for it to be exempt under 36 M.R.S. § 652(1)(B), but literary pursuits must be more than

---

[2] Pages 104 through 108 of the record are repeated twice. The Board's September 15, 1999 decision begins on the first R. 104.

incidental. In this case the record is sufficient to support a finding that any literary pursuits of the Foundation are incidental to its other activities and objectives.

The entry shall be:

The decision of the Board of Assessment Review denying plaintiff's application for property tax exemption is affirmed. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED: July _2f_ , 2006

Thomas D. Warren
Justice, Superior Court

4

Date Filed __JULY 15, 2005__ __CUMBERLAND__ Docket No. __AP-05-42__
County

Action __80B APPEAL__

AMERICAN MARTIAL ARTS FOUNDATION

RICHARD W. BLACKBURN
BOARD OF ASSESSMENT REVIEW FOR THE CITY
OF PORTLAND
THE CITY OF PORTLAND

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| PAUL ARANSON, ESQ.<br>1038 MAIN ST<br>PO BOX 929<br>SANFORD, ME 04073<br>(207)324-4198 | GARY C. WOOD, ESQ.<br>Office of Corporation Counsel<br>389 Congress Street (City of Portland &<br>Portland, Maine  04101      Blackburn)<br>874-8480 |